# CIRCUIT COURT OF FAIRFAX COUNTY

David J. Kuhar

 v.

Edward L. Long, Jr.,
County Executive

April 5, 2016

Case No. CL-2015-5346

By Judge Robert J. Smith

In reviewing this appeal, it is necessary to determine just exactly what this Court is deciding.

Given the tortured procedural history of this case, it is possible to erroneously conclude that I am being asked by the appellant to review the decision of the Civil Service Commission Hearing Panel. I am not. As a matter of law, I am being asked to review the decision of the County Executive that the refusal of the Fairfax County Police Department to promote Sergeant David Kuhar is nongrievable.

The appellant's situation begins some twenty-six years ago. As a rookie officer Kuhar received a "sustained truthfulness" violation. I could find no definition of "sustained" as the word is used in this situation in the record, According to *Black's Law Dictionary*, sustain can mean to support or maintain, especially over a long period, or to uphold or rule in favor of. It appears that, in this context, the use of "sustained" means the latter definition, that the validity of the allegation has been affirmed. In any event, the legal effect in this situation is the same, irrespective of the meaning of "sustained," *viz.*, it is a disqualifier for promotion. The basis for the determination was that, during an Internal Affairs investigation, Officer Kuhar was not truthful when explaining why he had missed a court date. As a result of this violation, Officer Kuhar received a twenty-day suspension. He appealed neither the finding of sustained truthfulness nor the discipline.

With that, Officer Kuhar continued his career, by all accounts, in a stellar fashion.

In 1999, the then Chief of Police Colonel, Tom Manger, issued what the county calls a "bright line" policy as to truthfulness violations. The policy declared that any officer with a truthfulness violation would be terminated. It

appears that Sergeant Kuhar, under this policy, could have been terminated, but was not. (I suspect that the reason Officer Kuhar was not terminated was because it would have been legally problematic to dismiss an employee for misconduct that was not the basis for termination when the misconduct occurred.)

Notwithstanding the bright line policy, Officer Kuhar continued his exemplary performance. The record is quite clear that, notwithstanding the sustained untruthfulness violation, Sergeant Kuhar has been an outstanding police officer.

On August 13, 2011, the Fairfax County Police Department announced that applications were being accepted for promotion to Second Lieutenant. On October 4, 2013, the list was published, and Officer Kuhar's name was on the list.

However, in that intervening twenty-six months, there were two events that worked against Sergeant Kuhar. First, in 2012, the Acting Chief of Police James Morris promulgated a policy that an officer with a sustained truthfulness violation would not be promoted. There is no evidence in the record to indicate if Acting Chief Morris knew that Officer Kuhar was on the list or that Morris had even seen the list. Second, on August 19, 2013, Chief of Police Colonel Edward C. Roessler notified Sergeant Kuhar that he would not be promoted. Again, there is no evidence in the record to indicate that Chief Roessler knew that Sergeant Kuhar was on the list or that Chief Roessler had even seen the list.

In an August 19, 2013, memorandum to Sergeant Kuhar, Chief Roessler informed Sergeant Kuhar that he would not be promoted because he was on the *Brady* list. As it turns out, the Commonwealth's Attorney maintains a list colloquially known as the *Brady* list. The name comes from the landmark decision of the Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In *Brady*, the Supreme Court held that the prosecution must disclose to the defense any exculpatory evidence in possession of the prosecution.

The Commonwealth's Attorney maintains a list of all officers with sustained truthfulness violations and will disclose to the defense the name of an officer on that list if that officer will testify in a given case. This disclosure will subject the officer to impeachment on cross-examination and could damage the Commonwealth's case.

Because all Fairfax Police Officers are required to perform all of their duties and because testifying in court is one of those duties and because Sergeant Kuhar, as a Second Lieutenant with a sustained truthfulness violation, would be a questionable witness, he would not be able to testify and thus cannot perform all of his duties. Actually, being on the *Brady* list does not render an officer incompetent to testify, but does make the officer subject to impeachment. The concern is real, but probably not as great as the Police Department believes, especially in this twenty-six-year-old case,

All other things being equal, it is not difficult to understand why the Police Department and the Commonwealth's Attorney prefer not to call Police Officers who have a sustained truthfulness violation. Or so the theory goes.

(As a personal note, I cannot recall the last time a Fairfax County Police Second Lieutenant has testified in my courtroom. I do recall many years ago when I presided over a case in which Chief Manger had issued a traffic summons and appeared to testify before me in General District Court.)

On August 27, 2013, Sergeant Kuhar submitted his grievance for the refusal to promote him. On October 4, 2013 (the same date as the publication of the eligibility list), the County Executive ruled that the decision not to promote Sergeant Kuhar was not grievable.

Sergeant Kuhar appealed the October 4, 2013, decision to this Court. On December 27, 2013, Judge Jane Marum Roush held that the decision of October 4, 2013, was subject to the grievance procedures.

On March 26, 2014, the Civil Service Commission panel heard the grievance and ruled two to one against Sergeant Kuhar. That decision became final on April 4, 2014.

On March 2, 2015, Sergeant Kuhar filed yet another grievance with the County Executive. On March 25, 2015, Chief Roessler informed Sergeant Kuhar that he would not be promoted.

On March 30, 2015, Kuhar filed a request for grievability determination of the March 26, 2014, decision of the Chief of Police. ˙

On April 6, 2015, the County Executive determined that Sergeant Kuhar's complaint was nongrievable.

This appeal to this Court followed.

As I noted at the beginning of this letter, the facts of this case set a trap for the unwary reviewer as to just exactly what is before the court. This Court is not reviewing the decision of the Civil Service Commission Hearing Panel rendered on March 26, 2014, and finalized on April 4, 2014.

I have no authority to review that decision. The Commission Hearing was conducted pursuant to the guidelines found in the Fairfax County Personnel Regulations, (hereafter Pers. Reg.) Chapter 17, Grievance Procedure.

Chapter 17 of the Regulations, § 17.12-5 states, referring to the hearings, "The majority of the panel of the Commission hearing the appeal shall be final." There are two possible appeals to the Circuit Court from the decision of the panel. The first is if one party seeks implementation of a binding decision and the second is if the panel has ordered the reinstatement of an employee of the Sheriff's Department who had been terminated for cause. Neither of these is present. Obviously, Sergeant Kuhar does not ask for implementation of the panel decision, and he is not an employee of the Sheriff's Department who had been terminated for cause.

The issue before this court is the determination by the County Executive (on April 6, 2015) that Sergeant Kuhar's complaint was nongrievable. The

April 6, 2015, decision was the second time Sergeant Kuhar submitted a grievance for the decision not to promote him to Second Lieutenant.

Sergeant Kuhar submitted a grievance of the decision not to promote him on August 27, 2013. On October 4, 2013, Sergeant Kuhar appealed the nongrievability decision to this Court. On December 27, 2013, Judge Jane Roush agreed with Sergeant Kuhar, determining that the County Executive's decision that the decision not to promote Sergeant Kuhar was incorrect. The order of December 27, 2013, states only "that, for reasons stated on the record, Kuhar's complaint was grievable. . . ." I do not know what those reasons stated on the record were. However, in its brief, the County goes to great lengths to argue (correctly) that the only basis for overruling the County Executive is that the decision of the County Executive was "arbitrary and capricious." See Brief of County at page 6 and the cases cited therein.

Factually, nothing has changed since Sergeant Kuhar filed his first grievance. If I were viewing this situation for the first time, I would reach the same decision that Judge Roush did. Frankly, I concur in Judge Roush's decision that the decision not to promote Sergeant Kuhar was, in fact, arbitrary and capricious.

I reach this decision because it is apparent from the facts that the rules for promotion to Second Lieutenant changed after Sergeant Kuhar submitted his application. Sergeant Kuhar submitted his application sometime in 2011. The record does not indicate that a sustained untruthfulness violation was a bar to promotion when Sergeant Kuhar submitted his application. The record does indicate that it was not until 2012 that the Police Department promulgated the policy.

However, whether I agree or disagree with Judge Roush's decision is not before this Court.

Whether the County Executive's decision was arbitrary and capricious already has been decided. I have no authority to revisit the decision, and I have no authority to review the decision of the Civil Service Commission. Fairfax County Personnel Regulations, Paragraph 17.12-5 states that, "The majority decision of the panel of the Commission hearing the appeal shall be final and binding."

Although the County has argued the law regarding the reviewability of the County Executive's decision, that is not the determinative issue. This is a matter of res judicata. Res judicata applies to administrative hearings. *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422, 16 L. Ed. 2d 642, 86 S. Ct. 1545, 176 Ct. Cl. 1391 (1966) (superseded by statute on other grounds).

Sergeant Kuhar has had his day in court and prevailed. He then had a hearing before the Civil Service Commission where he did not prevail. As a matter of law the dispute has been resolved. I have no authority to revisit the decision of the County Executive. If I did, where would the dispute

end? Could Sergeant Kuhar submit another grievance? That is exactly what the doctrine of res judicata seeks to prevent, relitigating the same issue.

The merits of Sergeant Kuhar's position are not before this Court. What is before this Court is a request to look anew at a decision of the County Executive that already has been found erroneous. As I said, I have no authority to do this.

Sergeant Kuhar also requests that this Court reclassify his sustained truthfulness violation. The County correctly points out that I have no authority to do this.

Sergeant Kuhar's appeal is denied.